# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JEROD ROBERT ALEXANDER,<br><br>    Defendant. | Case No. 3:21-cr-00048-SLG-MMS |

## ORDER REGARDING MOTION TO SUPPRESS EVIDENCE

Before the Court at Docket 35 is defendant Jerod Robert Alexander's Motion to Suppress Evidence. The government filed a response in opposition at Docket 42. With leave of the Court, Mr. Alexander filed a reply at Docket 58.

Mr. Alexander seeks an order suppressing the items seized during execution of a search warrant at an apartment on West 88th Avenue in Anchorage. Mr. Alexander asserts that he is entitled to a *Franks* hearing because he has made a substantial preliminary showing that the warrant application affiant intentionally or recklessly made false or misleading material omissions in support of the warrant, and he asserts that there was no probable cause for the warrant to issue.

**I. Background**

The warrant application was sworn by FBI Special Agent Sarah North. Agent North's application stated the following relevant facts in support of probable cause: On March 26, 2021, a confidential informant (CI) told drug task force

investigators that Mr. Alexander was a drug distributor, that the CI had "recently" purchased drugs from Mr. Alexander, and that Mr. Alexander was always armed and had a firearm in his apartment.[1]  The same day, at the direction of the investigators, the CI arranged a controlled purchase of heroin from Mr. Alexander at an apartment on East Potter Drive in Anchorage, which the CI identified as Mr. Alexander's apartment.[2]  The CI and an undercover agent went to the East Potter Drive apartment, and the CI went inside and purchased heroin from Mr. Alexander.[3]  The CI reported that Mr. Alexander's girlfriend was present in the apartment and assisted with the sale, and that Mr. Alexander had more heroin in the apartment than what he had sold to the CI.[4]  Investigators obtained a search warrant for the East Potter Drive apartment, but it was not executed because Mr. Alexander had moved out of the apartment.[5]

On April 20, 2021, the CI told investigators that Mr. Alexander was at an apartment at 3930 West 88th Avenue.  Investigators began surveillance that same day, and "at 8:45 p.m., they observed Alexander running east on 88th Avenue to

---

[1] Docket 36-1 at 11, ¶ 10.

[2] Docket 36-1 at 11, ¶ 11.

[3] Docket 36-1 at 11–12, ¶¶ 12, 13.

[4] Docket 36-1 at 12, ¶ 14.

[5] Docket 36-1 at 12, ¶ 15.

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 2 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 2 of 15

a parking lot at 3664 W. 88th Avenue."[6] They then saw a white SUV belonging to Mr. Alexander's girlfriend leave the parking lot and drive to the West 88th Avenue apartment and drive into a garage located at the property.[7] Investigators also observed Mr. Alexander at the West 88th Avenue apartment the next evening.[8]

The warrant affidavit stated that Mr. Alexander was on felony parole for a controlled substance crime and had a prior felony robbery conviction.[9] The affidavit stated that the CI had prior convictions for "failure to stop at the direction of a peace officer, violation of conditions of release, theft, forgery, providing false identifying information, driving on a revoked license, concealment of merchandise, misconduct involving a controlled substance, reckless driving, and driving under the influence."[10] The affidavit acknowledged that the CI "cooperated in the investigation to mitigate his/her own potential criminal liability."[11]

On April 22, 2021, a U.S. Magistrate Judge authorized a search of the West 88th Avenue apartment and any related vehicles near the apartment for evidence of possession of a controlled substance with intent to distribute (21 U.S.C. §

---

[6] Docket 36-1 at 12, ¶ 17.

[7] Docket 36-1 at 12, ¶ 17.

[8] Docket 36-1 at 13, ¶ 18.

[9] Docket 36-1 at 13, ¶ 20.

[10] Docket 36-1 at 13, ¶ 21.

[11] Docket 36-1 at 13, ¶ 21.

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 3 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 3 of 15

841(a)(1)), felon in possession of firearms (18 U.S.C. § 922(g)(1)), and possession of firearms in furtherance of a drug trafficking offense (18 U.S.C. § 924(c)).

## II. Mr. Alexander has standing to challenge the search warrant.

The government asserts that Mr. Alexander has not shown that he has standing to challenge the search warrant because Mr. Alexander "points to no specific facts establishing a reasonable expectation of privacy. Instead, he minimizes the evidence that he resided at the target premises and implies that the residence actually belonged to [his girlfriend.]"[12]

In his reply, Mr. Alexander asserts that he has standing to challenge the search warrant because he "had access to the security code on the door of 3930 W. 88th Avenue, Apartment 1, could come and go as he pleased, could invite or exclude guests, and left several personal items" there . . . he was an overnight guest with a reasonable expectation of privacy in the target premises."[13] Based on these representations, Mr. Alexander would have standing to challenge the

---

[12] Docket 42 at 6.

[13] Docket 58 at 3. The Court considers this information solely to determine whether Mr. Alexander has standing. The Court does not consider this information in determining if probable cause existed for the warrant to issue because this information was not presented to the magistrate judge.

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 4 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 4 of 15

warrant, because "an overnight guest has a legitimate expectation of privacy in his host's home."[14]

## III.  A *Franks* hearing is not justified.

In *Franks v. Delaware*, the Supreme Court held that a search warrant is invalid if the police obtain it by deliberately or recklessly presenting false, material information to the issuing judge.[15] An evidentiary hearing on the veracity of a warrant affidavit, and ultimately on the constitutionality of the search, is required when a defendant makes a substantial preliminary showing that: (1) "the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant," and (2) "the false or misleading statement or omission was material, i.e., necessary to finding probable cause."[16]

Mr. Alexander contends that the affidavit "fails to include that the informant was on probation for state charges during the time he was cooperating with law enforcement and that he had violated the conditions of his state probation at least twice, both violations based on his dishonesty to his probation officer . . . both facts which have critical bearing on [the CI's] credibility."[17] The government responds that "[n]o precedent requires the affidavit to include arrests that did not lead to

---

[14] *Minnesota v. Olson*, 495 U.S. 91, 98 (1990).

[15] 438 U.S. 154 (1978).

[16] *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (citation, alteration, and internal quotation marks omitted).

[17] Docket 35 at 4 (ellipsis in original).

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 5 of 15

conviction, or probation violations" and that Mr. Alexander presented no evidence that the CI violated his/her probation by cooperating with law enforcement.[18]

Mr. Alexander has not made a substantial showing that Agent North intentionally or recklessly made false or misleading omissions or that those omissions were material. While Agent North could have included additional information regarding the CI's criminal history and probation violations and status, she alerted the magistrate judge to potential credibility issues by specifying that the CI had prior convictions for certain crimes that involved dishonesty and that the CI had cooperated to gain a personal benefit. It does not appear that Agent North acted to falsely bolster the CI's credibility. Indeed, the fact that Agent North failed to include information that investigators had seen multiple vehicles make short visits to the West 88th Avenue apartment[19]—a fact that would have strongly supported probable cause that the apartment contained drugs and was being used as a sale location—suggests that Agent's North's omissions may have been at most negligent but were not intentional or in reckless disregard of the truth.

## IV. The warrant application provided probable cause.

The Fourth Amendment provides that a magistrate judge may not issue a search warrant without probable cause, "supported by Oath or affirmation."[20]

---

[18] Docket 42 at 8–9.

[19] Docket 42 at 4.

[20] U.S. Cont. Amend. IV.
Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 6 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 6 of 15

Probable cause exists when there is "a fair probability that contraband or evidence is located in a particular place. Whether there is a fair probability depends upon the totality of the circumstances, including reasonable inferences, and is a commonsense, practical question. Neither certainty nor a preponderance of the evidence is required."[21] When assessing whether probable cause exists to issue a search warrant, all information necessary to establish probable cause "must be contained within the four corners of a written affidavit given under oath."[22]

This Court gives "great deference" to the issuing magistrate judge's finding that probable cause existed to support the search warrant.[23] "The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed."[24]

### A. The affidavit provided probable cause that Mr. Alexander was associated with the West 88th Avenue apartment.

Mr. Alexander first maintains that Agent's North's affidavit "is devoid of any details or concrete facts evidencing that Mr. Alexander owned, rented, resided in, or had control over" the West 88th Avenue apartment.[25] Mr. Alexander asserts

---

[21] *United States v. Kelley*, 482 F.3d 1047, 1050–51 (9th Cir. 2007) (internal quotation marks and citations omitted).

[22] *United States v. Gourde*, 440 F.3d 1065, 1067 (9th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

[23] *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011).

[24] *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (cleaned up) (internal citation omitted).

[25] Docket 35 at 4; *accord* Docket 35 at 13–16.

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 7 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 7 of 15

that the affidavit shows no nexus between the West 88th Avenue apartment and the evidence sought and that "[s]uch a nexus could only be established if evidence was presented that Mr. Alexander owned, rented, resided in, or controlled" the West 88th Avenue apartment.[26] The government responds that it is reasonable to conclude that the West 88th Avenue apartment was Mr. Alexander's residence based on information from the CI and surveillance by investigators.[27]

The warrant affidavit contained information that the CI had seen Mr. Alexander at the West 88th Avenue apartment on the evening of April 20, 2021. That same evening, law enforcement investigators observed Mr. Alexander running on West 88th Avenue to a parking lot 0.2 miles from the apartment. Investigators then saw a white SUV belonging to Mr. Alexander's girlfriend leave the parking lot and drive to the West 88th Avenue apartment and go into the apartment's garage. The conclusion that Mr. Alexander was returning to the apartment that evening in the SUV is reinforced by the warrant affidavit's inclusion of information stating that investigators observed Mr. Alexander at the apartment again the following evening, April 21, 2021.[28]

Applying the "common sense" standard of probable cause, it was reasonable for the magistrate judge to infer that Mr. Alexander resided at the West

---

[26] Docket 35 at 13.

[27] Docket 42 at 12.

[28] *See* Docket 36-1 at 12–13.

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 8 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 8 of 15

88th Avenue apartment, or at least that he had a sufficient connection to the apartment to have stored drugs there. The affidavit stated that Mr. Alexander had moved out of his last known address, and there was no information that Mr. Alexander lived anywhere other than the West 88th Avenue apartment; the CI stated that Mr. Alexander had moved to the West 88th Avenue apartment; the CI and agents directly observed Mr. Alexander at the apartment on two consecutive evenings; and agents observed a car belonging to Mr. Alexander's girlfriend—who had participated in an earlier drug sale with Mr. Alexander—enter the garage of the apartment.[29]

### B. The affidavit provided probable cause that evidence of the crimes was likely to be found at the West 88th Avenue apartment.

Mr. Alexander also asserts that the affidavit contained no information "that Mr. Alexander was selling drugs from or possessed firearms at" the West 88th Avenue apartment; no controlled buys had been made at that location; and the information about the drugs and guns at the East Potter Drive apartment was stale because it was from a month prior to the warrant application.[30] The government responds that, "[e]ven without definitive proof that the residence belonged to

---

[29] *Cf. United States v. Howard*, 447 F.3d 1257, 1265–66 (9th Cir. 2006), overruled on other grounds by *United States v. King*, 687 F.3d 1189 (9th Cir. 2012) (observing that certain patterns emerge in cases concluding that probable cause exists to believe a probationer resides at a particular address: the probationer did not appear to be residing at any address other than the one searched; officers directly observed behavior that gave officers good reason to suspect the probationer lived at the residence; and the probationer possessed and/or used a key to the residence).

[30] Docket 35 at 5; *accord* Docket 35 at 13.

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 9 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 9 of 15

Alexander, [his girlfriend's] presence at the arranged buy, observations of her car pulling into the target residence, and Alexander's presence at the target residence likewise provided probable cause to believe evidence of drug trafficking would be found there."[31] Mr. Alexander replies that the CI "did not state that any drugs or guns were present at the target premises or that Mr. Alexander sold drugs from the target premises."[32]

"Direct evidence that contraband or evidence is at a particular location is not essential to establish probable cause to search the location."[33] A magistrate judge "is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense."[34] A magistrate judge "need not determine that the evidence sought is *in fact* on the premises to be searched . . . or that the evidence is more likely than not to be found where the search takes place. . . . The magistrate need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit."[35] The Ninth Circuit has repeatedly held that a magistrate judge can draw the reasonable

---

[31] Docket 42 at 12.

[32] Docket 58 at 6.

[33] *United States v. Angulo–Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986).

[34] *Id.*

[35] *United States v. Peacock*, 761 F.2d 1313, 1315 (9th Cir. 1985) (citations omitted).

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 10 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 10 of 15

inference that "[i]n the case of drug dealers, evidence is likely to be found where the dealers live."[36]

Here, the information within the warrant affidavit was sufficient for the magistrate judge to make a reasonable inference that evidence of drugs and firearms would likely be found at the West 88th Avenue apartment. Only a month before, agents had conducted a heroin buy from Mr. Alexander and his girlfriend at his then-residence, during which Mr. Alexander sold some, but not all, of the heroin he had at the residence to the CI. The affidavit contained information that Mr. Alexander was constantly armed and kept a firearm at his residence. As discussed above, it was reasonable to conclude that Mr. Alexander had moved to the West 88th Avenue apartment. Agents had observed a car belonging to Mr. Alexander's girlfriend—who had participated in the heroin sale with Mr. Alexander—enter the garage of the apartment. Finally, Agent North's affidavit described her knowledge that drug dealers typically keep evidence of their dealing in their residences and vehicles.[37]

### C. The affidavit included evidence that bolstered the CI's credibility.

In his reply, Mr. Alexander contends—separate from whether omissions in the warrant affidavit necessitate a *Franks* hearing—that the warrant application

---

[36] *United States v. Ayers*, 924 F.2d 1468, 1479 (9th Cir. 1991); *see also United States v. Fernandez*, 388 F.3d 1199, 1254 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005); *Angulo-Lopez*, 791 F.2d at 1399; *United States v. Fannin*, 817 F.2d 1379, 1382 (9th Cir. 1987); *United States v. Foster*, 711 F.2d 871, 878 (9th Cir. 1983).

[37] Docket 36-1 at 5–11. *See United States v. Fannin*, 817 F.2d 1379, 1382 (9th Cir. 1987) ("[I]n

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 11 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 11 of 15

lacks probable cause because the information obtained from the CI is not credible.[38]  Specifically, Mr. Alexander maintains that because the affidavit contains "no evidence . . . to repair or rehabilitate the criminal informant's credibility or reliability of the tip within the four corners of the application for the search warrant, such as prior successful work with law enforcement, the search warrant cannot stand."[39]

However, the warrant affidavit does include evidence that bolsters the CI's credibility and the reliability of the tips. The CI first told agents that Mr. Alexander was a dealer; this was borne out by the CI's subsequent controlled buy of heroin from Mr. Alexander while the CI was accompanied to the residence by an undercover agent. The CI later informed agents that Mr. Alexander had moved to the West 88th Avenue apartment; this was borne out by observations of Mr. Alexander at that apartment and likely parking in the garage of the apartment on two consecutive days. Particularly in light of this corroboration, the absence of

---

weighing the evidence supporting a request for a search warrant, a magistrate may rely on the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found.").

[38] Docket 58 at 4.

[39] Docket 58 at 4.

prior successful cooperation with law enforcement does not render the CI's information uncredible.

Mr. Alexander cites to *United States v. Hall* for the premise that the Court should not consider information gathered from the CI when assessing probable cause because "[i]f an informant's history of criminal acts involving dishonesty renders his statement unworthy of belief, probable cause must be analyzed without those statements."[40] Mr. Alexander maintains that the CI's "pattern of lying to law enforcement in his recent past calls the reliability of the information [CI] relayed through SA North, which law enforcement in turn relied up on to support the search warrant, into question."[41] The government responds that in *Hall*, the omission from a warrant affidavit of the confidential informant's conviction for falsely reporting a crime was "what most impeached [the informant's] credibility," not the informant's probation violation involving threating a police officer.[42]

*Hall* is distinguishable from the present case in three ways. First, the informant in *Hall* was the only source of crucial information that supported the warrant. Here, investigators participated in buying heroin from Mr. Alexander and also observed him at or near the apartment on two different days. Second, the

---

[40] Docket 35 at 11 (citing *Hall*, 113 F.3d 157, 158 (9th Cir. 1997)); *see also* Docket 58 at 4 (citing *Hall*, 113 F.3d at 158).

[41] Docket 35 at 12.

[42] Docket 42 at 8 (quoting *Hall*, 113 F.3d at 160).

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 13 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 13 of 15

only information from the informant in *Hall* that could be corroborated consisted of "innocent facts," such as where someone lived and what car they drove. The Ninth Circuit noted that "innocent details" do not do much "to corroborate a tip from a man known to have made a false report to police."[43] Here, investigators were able to corroborate the CI's information regarding Mr. Alexander being a drug dealer by arranging a buy of heroin from Mr. Alexander. Third, in *Hall* the information that was not disclosed to the magistrate judge was about the information's prior criminal convictions involving dishonesty. Here, the information that was not disclosed related to the CI's prior arrests, probation status, and an unsupported claim of a probation violation that involved dishonesty. Although "[a]ny crime involving dishonesty necessarily has an adverse effect on an informant's credibility," a criminal history involving dishonesty is only fatal to an informant's credibility when there is no other "countervailing evidence to bolster the informant's credibility or

---

[43] *Hall*, 113 F.3d at 159.

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 14 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 14 of 15

the reliability of the tip."[44] As discussed above, the warrant affidavit included evidence that bolstered the CI's credibility and the reliability of the tips.

This Court finds that, under the totality of the circumstances, the magistrate judge had a substantial basis for concluding that probable cause existed for the issuance of the search warrant for the West 88th Avenue apartment.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 35 is DENIED.

DATED this 11th day of March, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[44] *United States v. Reeves*, 210 F.3d 1041, 1045 (9th Cir. 2000) (distinguishing *Hall* because of the presence in *Reeves* of "countervailing evidence which diminishe[d] the adverse effect of the [informant's] prior criminal history").

Case No. 3:21-cr-00048-SLG, *United States v. Alexander*
Order Re Motion to Suppress Evidence
Page 15 of 15
Case 3:21-cr-00048-SLG-MMS   Document 59   Filed 03/11/22   Page 15 of 15