## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

JEROD ROBERT ALEXANDER,

                Defendant.

Case No. 3:21-cr-00048-SLG-MMS

## SUPPLMENTAL ORDER RE MOTION TO INVALIDATE SEARCH WARRANT BASED ON MISLEADING INFORMATION REGARDING THE CONFIDENTIAL INFORMANT

Before the Court at Docket 83 is Defendant's Motion to Invalidate Search Warrant Based on Misleading Information Regarding the Confidential Informant. The Government responded with a motion to strike the filing as untimely at Docket 85.  In a text order issued on May 25, 2023, the Court denied the motion to strike and denied the motion to invalidate on the merits. This supplemental order is intended to explain the rationale for the Court's ruling.

The motion to suppress is substantially similar to the motion brought by Mr. Alexander's previous counsel, which this Court denied in an order at Docket 59.  In both, Mr. Alexander challenges the credibility of the CI.  In the more recent motion, he asserts that the fact that the CI was charged with proving false information that implicated another in an offense "should eliminate one from ever being a CI because it makes every report highly suspect."[1]  This assertion is without merit.  The search warrant application stated that the CI

---

[1] Docket 83 at 1.

had a conviction for providing false identifying information, among several other convictions. And a criminal history involving dishonesty is only fatal to an informant's credibility when there is no other "countervailing evidence to bolster the informant's credibility or the reliability of the tip."[2]

Here, there was considerable evidence to bolster the credibility of the informant. Law enforcement participated in the controlled buy in March 2021, not by going inside the residence, but first by directing the CI to contact Mr. Alexander to buy drugs, and when the CI did successfully arranges to buy drugs from Mr. Alexander, the undercover agent then travelled with the CI to the residence that Mr. Alexander had told the CI to meet him at.[3] That the undercover agent did not go inside the residence does not negate the evidence that the undercover agent had acquired that bolstered the CI's credibility: The CI was able to reach Mr. Alexander, the CI and law enfrocment went to the residence Mr. Alexander had identified, and the CI was able to purchase drugs at that residence. That the undercover agent did not actually see Mr. Alexander selling the drugs to the CI inside the residence does not negate probable cause. Nor does the search warrant application assert or in any way imply that the undercover agent went inside the residence.[4] To the contrary, it states

_____

[2] *United States v. Reeves*, 210 F. 3d 1041, 1045 (9th Cir. 2000) (distinguishing *United States v. Hall*, 113. F. 3d 157 (9th Cir. 1997) because of the presence in *Reeves* of "countervailing evidence which diminshe[d] the adverse effect of the [informant's] prior criminal history").

[3] Docket 36-1 at 11, ¶¶ 11, 12.

[4] Mr. Alexander points to paragraph 12 of the warrant application, in which the agent states that when the CI and the undercover agent arrived at the Potter Drive apartment, the CI "called ALEXANDER to let him know they were waiting at the door." Docket 36-1 at 11. The Government explains how the use of "they" protects the gender identity of the CI. Read in context, it is clear from the application that only the CI went to the door and called Mr. Alexander to tell him the CI had arrived. Clearly, a CI wouldn't inform a narcotics dealer that the CI had an undercover agent with her at the door to the dealer's apartment.

Case No. 3:21-cr-00048-SLG-MMS, *USA v. Alexander*
Supplemental Order re Motion to Invalidate Search Warrant Based on Misleading Information
Regarding the Confidential Informant
Page 2 of 3

Case 3:21-cr-00048-SLG-MMS   Document 97   Filed 06/09/23   Page 2 of 3

that the CI entered the apartment that Mr. Alexander had directed her to go to, then the CI left the apartment and turned over the substance the CI had purchased in the apartment to law enforcement, and that the CI then briefed law enforcement on how the transaction inside the apartment had taken place.[5]

In sum, the special agent did not provide misleading or false information regarding the CI in the second search warrant application, and based on that application, the magistrate judge had probable cause to grant the second search warrant application for the 88th Avenue apartment.

DATED this 9th day of June, 2023 at Anchorage, Alaska.

_/s/ Sharon L. Gleason_
UNITED STATES DISTRICT JUDGE

---

[5] Docket 36-1 at 12, ¶¶ 13, 14.

Case No. 3:21-cr-00048-SLG-MMS, *USA v. Alexander*
Supplemental Order re Motion to Invalidate Search Warrant Based on Misleading Information
Regarding the Confidential Informant
Page 3 of 3