IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br>   v.<br><br>JEROD ROBERT ALEXANDER, a/k/a "Pac Man,"<br><br>           Defendant. | Case No. 3:21-cr-00048-SLG-MMS |

**ORDER RE GOVERNMENT'S OMNIBUS MOTIONS IN LIMINE**

Before the Court at Docket 93 is the *Government's Omnibus Motions in Limine*. Defendant Jerod Alexander did not file a response. The Government raises three issues.

**I.    Rule 404(b) Evidence**

First, the Government seeks to introduce evidence of Mr. Alexander's prior drug convictions pursuant to Evidence Rules 402, 403, and 404(b) as evidence in support of Defendant's "intent, preparation, and plan to distribute and possess with intent to distribute drugs on the dates alleged in the Indictment."[1] The Government identifies two of Mr. Alexander's prior drug convictions: (1) a 2013 state drug conviction after he was found in possession of "55.4 grams of heroin, 207.1 grams of marijuana, and $23,000 in cash";[2] and (2) a 2013 federal conviction for one count of

---

[1] Docket 93 at 2.

[2] Docket 93 at 2 (citing Final Presentence Inv. Rep. (sealed) at 8 & n.1, *U.S. v. Alexander*, Case No. 3:13-cr-00052-SLG (D. Alaska Aug. 13, 2013), ECF No. 21); *see also* Charge Disposition: Def.

Possession with Intent to Distribute and three counts of Distribution of Controlled Substances involving heroin.[3]

Evidence of a prior conviction is not admissible to show that the defendant has a bad character or is prone to criminal activity. But pursuant to Federal Rule of Evidence 404(b), it may be introduced to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. "To prove that the evidence is offered for one of these reasons, it is the government's responsibility to show that the evidence (1) proves a material element of the offense for which the defendant is now charged, (2) if admitted to prove intent, is similar to the offense charged, (3) is based on sufficient evidence, and (4) is not too remote in time."[4] Further, a court "must analyze the evidence pursuant to Rule 403 and determine whether its probative value outweighs its prejudicial effect," and the Government must demonstrate relevance by "articulat[ing] precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."[5]

In the instant case, Mr. Alexander is charged with drug and firearm-related

---

Convicted on Charge, *State v. Alexander*, Case No. 3AN-11-13257CR (Alaska Super. Ct. June 14, 2013).

[3] Docket 93 at 2 (citing Am. J., *U.S. v. Alexander*, Case No. 3:13-cr-00052-SLG (D. Alaska Aug. 27, 2013), ECF No. 29).

[4] *U.S. v. Ramirez-Robles*, 386 F.1234m 1242 (9th Cir. 2004), citing *United States v. Beckman*, 298 F.3d 788, 794(9th Cir. 2002), then citing *United States v. Arambula-Ruiz*, 987 F. 2d 599, 602 (9th Cir. 1993).

[5] *Arambula-Ruiz*, 987 F.2d at 602-03 (citations omitted).

Case No. 3:21-cr-00048-SLG-MMS
Order re Government's Omnibus Motions in Limine
Page 2 of 6
Case 3:21-cr-00048-SLG-MMS   Document 116   Filed 08/16/23   Page 2 of 6

offenses, including one count of Distribution of Controlled Substances involving heroin and one count of Possession of Controlled Substances with Intent to Distribute involving fentanyl and heroin.[6] The Ninth Circuit has "consistently held that evidence of a defendant's prior possession or sale of narcotics is relevant under Rule 404(b) to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident in prosecutions for possession of, importation of, and intent to distribute narcotics."[7] Thus, Mr. Alexander's prior convictions are relevant to at least one material element of the charged offenses. Next, Mr. Alexander's prior drug convictions are not only similar to the charged conduct, but his prior federal drug conviction charges are substantially identical to the instant drug charges. As Mr. Alexander was convicted of the prior drug offenses, that fact "is sufficient proof that [he] committed the prior act."[8] And Mr. Alexander's 10-year-old state and federal drug convictions are not too remote in time, given that the Ninth Circuit has repeatedly held that 13-year-old convictions are not too remote in time for purposes of Rule 404(b).[9]

Therefore, the Court finds that the Government has satisfied the four Rule 404(b) requirements for admission of the prior convictions. However, the Court defers its Rule 403 ruling on these convictions pending trial and its consideration of

---

[6] Docket 104 at 1-2 (1st Superseding Indictment).

[7] *United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) (quoting *United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir.)).

[8] *See Arambula-Ruiz*, 987 F.2d at 603.

[9] *See Vo*, 413 F.3d at 1013, 1018-19; *United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989).

any defenses Mr. Alexander may raise. Accordingly, this portion of the Government's motion is denied without prejudice to renew at trial, with the renewal of such motion to be made *outside the presence of the jury*. There shall be no reference to the jury as to the prior drug convictions unless and until otherwise ordered.

## II. Rule 902 Certified Electronic Records

The Government next "seeks authentication of electronic records by certification pursuant to Fed. R. Evid. 803(6), 902(11), and 902(13)."[10] The electronic records in question are "portions of four Cellebrite reports . . . from phones seized from the defendant's residence."[11] In support of its motion, the Government attached a certification from Brandon Hunter, the Digital Forensic Lab Manager for the Alaska Bureau of Investigation, who certified that he extracted data from multiple cell phones using specialized mobile forensic tools, and that he processed those extractions with Cellebrite Physical Analyzer.[12] Mr. Hunter states in his certification that he extracts data from digital devices, including mobile devices, as part of his professional responsibilities.[13] Evidence Rule 902(11) requires that any such certification meets the requirements of Rule 803(6)(A)-(C),[14] and the Government asserts that the

---

[10] Docket 93 at 6.

[11] Docket 93 at 6.

[12] Docket 93-1 at 1. While the certification does not explicitly state that the extractions in question are tied to the instant case, the Court will assume that they are given the Government's proffer and the lack of an objection from the defense.

[13] Docket 93-1 at 1.

[14] Rule 803(6) covers the requirements of the exception to hearsay involving records of a regularly conducted activity. It requires that:

Case No. 3:21-cr-00048-SLG-MMS
Order re Government's Omnibus Motions in Limine
Page 4 of 6
Case 3:21-cr-00048-SLG-MMS   Document 116   Filed 08/16/23   Page 4 of 6

certification does so.[15] Given that the defense has not objected to this issue, this portion of the Government's motion is granted.

### III. Rule 609 Impeachment by Prior Conviction

Finally, the Government gives notice pursuant to Rule 609 that it will "seek to attack the defendant's character for truthfulness by evidence of his prior [drug] convictions" and a 2010 robbery conviction, if Mr. Alexander seeks to testify in the case.[16] If Mr. Alexander elects to testify, then the Court will allow the Government to impeach by using the prior state and federal drug convictions, in the event those convictions were not admitted under Evidence Rule 404(b). The Court defers a ruling on the admissibility of Mr. Alexander's robbery conviction until after he informs the Court on whether he plans to testify; if he does, the Court will rule on this issue before his testimony on direct examination, so that the Court may determine if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."[17] Accordingly, this portion of the Government's motion is granted at this time as to the drug convictions only and deferred as to the robbery conviction.

---

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and] (C) making the record was a regular practice of that activity.

[15] Docket 93 at 7.

[16] Docket 93 at 10. Mr. Alexander was convicted for Robbery in the Second Degree on March 10, 2010, in Alaska Superior Court. See Docket 104 at 4 (1st Superseding Indictment); Charge Disposition: Def. Convicted on Charge, *State v. Alexander*, Case No. 3AN-09-07126CR (Alaska Super. Ct. Mar. 22, 2010).

[17] Fed. R. Evid. 609(b). Because the robbery conviction is over 10 years old, this subsection of the rule applies.

Case No. 3:21-cr-00048-SLG-MMS
Order re Government's Omnibus Motions in Limine
Page 5 of 6
Case 3:21-cr-00048-SLG-MMS   Document 116   Filed 08/16/23   Page 5 of 6

## CONCLUSION

In light of the foregoing, the motion at Docket 93 is GRANTED IN PART AND DENIED IN PART as explained herein.

DATED this 16th day of August, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cr-00048-SLG-MMS
Order re Government's Omnibus Motions in Limine
Page 6 of 6
Case 3:21-cr-00048-SLG-MMS   Document 116   Filed 08/16/23   Page 6 of 6